Judge Owsley
deliyered the Opinion of the Court.
This was an action of replevin, brought in the •circuit court by John Hume, against Kerley and Gillespie, for the taking of a horse, saddle &c.
Tho sheriff executed the writ by delivering the horse &c. to Hume; and both Hume and Gillespie appeared to the action and made separate defences.
The defendant Kerley made cognizance by acknowledging the taking of the property, but alleged that he did so as constable of Madison county, under a writ of fieri facias, which issued from a justice of the peace for that county, against the estate of Charles Hume, to whom the property takeu belonged, in favor of William Robinson and Lewis H, Gillespie, for ——-— dollars, &c.
Hume replied, that the horse, saddle &c. were pot the property of Charles Hume, as alleged by Kerley, and tendered an issue to the country, which was joined by Kerley.
Gillespie pleaded that the horse, saddle, See. were not the property of the plaintiff John Hume, at the time of the taking mentioned in the declaration, but were the property of Charles Hume, &c.
In reply to this plea, John Hume alleged, that the horse, saddle, &c were his property, and not the property of Charles Hume, &c.
The plaintiff, John Hume, then entered a nolle prosequi as to Kerley, and judgment was thereupon entered, “ that as to Kerley, the canse be dismissed, ami that he recover of the plaintiff, his cost expended, See.
A jury was then caljod to try the issue as to Gillespie, and a verdict was found for him; whereupon the court rendered judgment in bar of.the plaintiff John Hume’s action.
To reverse this latter judgment, John Hume has prosecuted a writ of error, and to reverse the *182 judgment entered in favor of Kerley, a writ of error has also been prosecuted by Kerley.
Whore the plaintift' in replevin enters a nolle prosequi as to a defendant, ivho has made cognizance and claimed the right to the possession of the property, there shall ho judgment for a return of the property, unless it appears by the record, defendant is not entitled to it.
Denial of plaintiff’ by his replication that defendant had right, has no effect after nolle prosequi
if it appear in replevin, against ;ui officer who had seized the goods by execution a-g;itinst a tin it 1 [/cr&on, lhat i-aeh person Uad not right, there shall hot be a judgment for rejurn of the vruads.
When the tiolle prosequi was entered as to Kerley, it was undoubtedly correct to render a judgment of some sort against the. plaintiff John flume. It was not only correct to enter judgment dismissing the suit as to Kerley, but it was moreover strictly proper to award to him, cost against Hume. This, in ordinary cases, would be all that a defendant could regularly demand upon a nolle prosequi being entered by the plaintiff; but in an action of .replevin, such as the present, the judgment ought, we apprehend, to go further. The defendant in replevin, as well as the plaintiff, is actor, and according to the well settled principles of the, common law, judgment should, in (he general, upon the dismission of the action, be given for a return of the property to the defendant. There may be, and probably are exceptions to this general rule: as for example, if, when the suit is dismissed, it should appear from the record, that the defendant is not entitled to the possession of the property, it might perhaps be irregular for the court to render judgement for the property to be returned to him.
Rut as respects Stho right of Kerley, nothing of that sort appears from the record in this case. It is true, that by the replication which v/as put in by John Hume to the statements contained in the cognizance made by Kerley, it is denied that the right of the property was in Charles Ilmne, against whom the execution issued, under which Kerley took the property.
And we readily admit, that as an officer of the law, claiming the property under a levy of the execution against Charles ílume, the defendant Kerley is not entitled to the possession, if the property' were in fact not the property of Charles Hume.
But we are not to infer, from the denial of John Hu me, that the property did not belong to Charles Hume; for that denial amounts to nothing more than a traverse of what had been previously alleged by Kerley; ami not only so, but by entering a nolle prosequi, Hume put it out of the power of Kerley to disprove the denial, and establish the right of property to be. in Charles Ki?nu\
In the cognizanco of a constable in such case', the statement of tlio amount of üis fi. fa. from the justice in Wank, will not be fatal after issue &voidict.
Nor is it an available objection alter verdict in such case, that there is no prayer for return of the property.
The judgment is the conclusion of law from the facts, which " the court will draw and pronounce, whether demanded in pleading or not.
Tbe record contains nothing, therefore, to fake the case out of the general principle of the common law; and of course judgment should have been rendered in favor of Keriey for a return of tbe property, so that he may be enabled to dispose thereof, under the execution by which it was taken.
It was contended in argument, that the cognizance of Keriey is insufficient to shew that the property was taken by him under a fieri facias which issued from competent authority, and as such, not sufficient to entitle him toa return of the property. We however think differently. The fieri facias is' alleged to have issued from a justice of the peace, and the only objections to which, even in point of form, the allegations of the cognizance is liable, consists in the omission to state the precise amount of the demand contained in the execution. But though not stated, the cognizance contains a blank space for the amount, and after issue joined upon other facts, it would be indulging a technical strictness, not calculated to attain the justice of the cause, to adjudge the omission a fatal objection to the cognizance.
It was also objected, that the cognisance contains no prayer for a return of the' property, without which, it was contended, there can he regularly no judgment in favor of Keriey for a return.
If, however, we are correct in the opinion, that' tbe cognizance contains enough to shew a light in Keriey to the possession of the property, bis failure to pray for a return, cannot he admitted a sufficient X’eason for not rendering judgment for a return. It would be more strictly conformable to technical precision, for a cognizance to conclude with a prayer for a return of the property, but without such a prayer, the cognizance may contain matter sniff-, cient to authorize a judgment in favor of the defendant for a retiu’n.
In replevin, as in other actions, tbe judgment which it is incumbent upon the court to render, is ' the conclusion of law upon the facts of the case, and not the result of any demand or prayer that cither party may think proper to make in the pleadings.
On the trial of tlic issue of property or not in plaintiff, it is not necessary for him to prove defendant-took the property eat of his possession.
Mandate for judgment against llume for return of property to Keriey. New trial between Hume and Gillespie, &c.
Gaperton for Keriey and Gillespie: Turner for Hume.
The judgment in favor of Keriey ought therefore to have gone further, and directed the property to be returned to him.
Witin respect to the judgment recovered by Gillespie, we are also of opinion, that the court erred in its instructions to the jury on the trial of the issue made up between him and the plaintiff John Hume. By that issue, the right of property, and the right, only, was drawn in question,* and whatever might have been the rule in a different state of pleading, it cannot have boon necessary, under the issue joined between the parties, lor Hume to have proved that he was actually possessed of the property when it was taken. It was consequently incorrect for the court to instruct the jury, that the plaintiff John Hume could not recover, unless he had actual possession of the property when it was taken by the defendant.
The judgment in favor of Keriey, as well as that in favor of Gillespie must, therefore, be reversed, and the cause remanded to the court below, and a judgment there rendered in favor of Keriey in conformity to this opinion; and such further proceedings had upon the issue made up between Hume and Gillespie, as may not be inconsistent with the principles of this opinion. Keriey must recover cost in this court in the writ of error prosecuted by him against Hume; and flume must recover cost in the writ of error prosecuted by him against Gillespie.